UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROMEO GUERRERO A. SOMBILLO, JR.                     CIVIL ACTION

VERSUS

K. JORDAN, ET AL.                                   NO. 25-01157-BAJ-SDJ

## RULING AND JUDGMENT

Before the Court is **Respondent's Rule 12(b)(1) Motion to Dismiss As Moot. (Doc. 15).** Respondents represent that Petitioner Romero Guerrero A. Sombillo, Jr., has been removed from the United States, and thus his habeas claim is now moot and should be dismissed. Petitioner has filed no objection, and the standard time to do so has passed.

A case becomes moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To remain an active "case or controversy", "parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Id.* (quoting *Lewis*, 494 U.S. at 477).

> For a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution. *Spencer*, 523 U.S.

at 7. The petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration"—a "collateral consequence of the conviction." *Id.* (internal quotations removed).

*Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Petitioner did not challenge his removal order or deportation, but the constitutionality of his detention. Because the detention in question has ended, and there are no collateral consequences asserted, there is no longer a live case or controversy.[1] *See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986).

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that this matter is **DISMISSED AS MOOT.**[2]

Baton Rouge, Louisiana, this 19th day of May, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] To be clear, deportation does not automatically end a habeas claim. Collateral consequences of the detention in question could still present a live case or controversy. Here, however, Petitioner has not challenged the instant motion or raised collateral consequences.

[2] "A dismissal on mootness grounds is without prejudice to future suits on the merits of the same claim." *Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52, 72 (D.D.C. 2009) ; *see also Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir.1979) (holding that "[t]he dismissal without prejudice of the prior actions on grounds of mootness does not serve as a final adjudication on the merits so as to bar this action").